An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

IN THE MATTER OF DISCIPLINE OF R. CHRISTOPHER READE, BAR NO. 6791.

No. 67150

**FILED**

OCT 09 2015



TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

### ORDER REJECTING CONDITIONAL GUILTY PLEA AGREEMENT AND REMANDING FOR FURTHER PROCEEDINGS

This is an automatic review of a Southern Nevada Disciplinary Board hearing panel's recommendation that this court approve, pursuant to SCR 113, a conditional guilty plea agreement in exchange for a stated form of discipline for attorney R. Christopher Reade. Under the plea agreement, Reade admits to a violation of RPC 8.4(b) (misconduct). This violation arises from Reade's conviction of one count of accessory after the fact to laundering of monetary instruments in violation of 18 U.S.C. § 3.[1]

The agreed-upon discipline provides that Reade: (1) shall be suspended for two years commencing on January 14, 2014, the date that Reade voluntarily transferred to inactive status and (2) shall pay the

---

[1]Reade self-reported the charges and guilty plea to the State Bar and met with bar counsel in January 2014 before he was sentenced, voluntarily transferred to inactive status, and filed a joint petition with the State Bar pursuant to SCR 111 in May 2014. On June 25, 2014, this court entered an order temporarily suspending Reade pursuant to SCR 111 and referring him for disciplinary proceedings to determine the discipline to be imposed. *In re Discipline of R. Christopher Reade*, Docket No. 65738 (Order of Temporary Suspension June 25, 2014). It appears that Reade already has complied with SCR 115.

SUPREME COURT
OF
NEVADA

(O) 1947A

15-30742

actual costs of the disciplinary proceedings (excluding staff salaries) within 30 days of the State Bar submitting its memorandum of costs.

Based on our review of the record, we agree that a suspension is warranted but conclude that the length of the suspension is insufficient in relation to Reade's admitted conduct.[2] Accordingly, we reject the conditional guilty plea agreement and remand this matter to the Southern Nevada Disciplinary Board for further proceedings.

It is so ORDERED.[3]

_____, C.J.
Hardesty

_____, J.          _____, J.
Parraguirre                           Douglas

_____, J.          _____, J.
Cherry                                Saitta

_____, J.          _____, J.
Gibbons                               Pickering

---

[2]Cf. *In re Discipline of Noel Gage*, Docket No. 64988 (Order Approving Conditional Guilty Plea Agreement, May 28, 2014); *In re Discipline of Harvey Whittemore*, Docket No. 66350 (Order of Suspension, March 20, 2015).

[3]This order constitutes our final disposition of this matter. Any further proceedings concerning Reade shall be docketed as a new matter.

cc: Chair, Southern Nevada Disciplinary Panel
   Bar Counsel, State Bar of Nevada
   Wright Stanish & Winckler
   R. Christopher Read
   Kimberly Farmer, Executive Director State Bar of Nevada